Filed 3/13/13  P. v. Brazelton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER MICAH BRAZELTON,<br><br>    Defendant and Appellant. | G046405<br><br>(Super. Ct. No. 08CF2997)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

Defendant Christopher Micah Brazelton appeals from the judgment entered after a jury found him guilty of committing a lewd act upon S., a child under 14 years old, and a lewd act upon B., also a child under 14 years old. The jury also found true an enhancement allegation that Brazelton had committed a lewd act on multiple children.

Brazelton contends insufficient evidence supported his conviction for committing a lewd act upon S. He further contends that because his conviction for committing a lewd act upon S. must be reversed, the jury's finding he had committed a lewd act on multiple children must also be reversed.

We affirm. An eyewitness testified that after she saw a man touch S.'s buttocks in a store, the eyewitness's husband chased after the man and detained him until police officers arrived. During trial, one of the officers who responded to the scene identified Brazelton as the man who had been detained for touching S. Substantial evidence thus supported Brazelton's conviction for committing a lewd act upon S. There is no basis for reversing that conviction or the multiple victims enhancement allegation.

## SUMMARY OF RELEVANT FACTS[1]

In the evening of October 1, 2008, 12-year-old S., along with her grandmother, aunt, and cousins, went to a Wal-Mart store to buy S. a binder for school. While S. was standing in the aisle containing school supplies, she saw "this guy like standing behind" her.[2] S. testified that the man then "grabbed [her] butt" for "seconds." Janet Garcia and her husband, Alan Hernandez, saw the man touch S. Hernandez asked

---

[1] Because the issues raised on appeal relate solely to Brazelton's conviction for committing a lewd act on S., our summary of facts is based on trial evidence related to that offense.

[2] S. testified that she could not remember what the man looked like.

S., "is he with you?" When S. said, "no," the man turned around and started running away. Garcia said, "hey, you pervert." Hernandez chased after the man.

Hernandez apprehended the man after struggling with him. Hernandez told the man, "you better say sorry for what you did" to S. The man said, "I'm sorry. I'm so sorry." An unidentified male shopper, whom Garcia described as "another parent," told Hernandez to let the man go. Hernandez explained what the man had done to S. The man then broke free from Hernandez's grip, and started running away again. Hernandez, along with the unidentified male shopper, chased the man; Hernandez again caught him in the bicycle area next to the garden area of the store. Garcia testified that Hernandez and two store employees stayed in that area with the man until the police arrived. Garcia saw that they had the man, whom Hernandez had detained, sitting down in the back of the store; she saw a police officer standing next to him. Garcia saw Hernandez talking with a police officer. Garcia testified that the man who grabbed S.'s buttocks was the only one whom Hernandez had detained.

Officer Otilio Sanchez of the Santa Ana Police Department was the first officer to respond to the incident at the Wal-Mart. Officer Duane Greaver was also dispatched to the store. When Greaver arrived, "the Santa Ana Police Department ha[d] a subject detained" and that subject "was already in the back of [Sanchez's] patrol car." Greaver was briefed by Sanchez about what he had seen when he arrived; Greaver also spoke to S., Garcia, and Hernandez. Greaver identified Brazelton as "the person they had detained in Mr. Sanchez's police vehicle."

## PROCEDURAL HISTORY

Brazelton was charged in an information with six counts of committing a lewd act upon a child under 14 years old, identified as Jane Doe Nos. 1 through 6, respectively, in violation of Penal Code section 288, subdivision (a). (The offense against S., which is at issue in this appeal, was charged as count 1 in the information; she

3

was identified in the information as Jane Doe No. 1.)  The information further alleged, as to all counts, pursuant to Penal Code section 1203.066, subdivision (a)(7), that Brazelton committed the offense on more than one victim.  The information also alleged, as to counts 5 and 6, and pursuant to Penal Code section 1203.066, subdivision (a)(8), that Brazelton engaged in substantial sexual conduct in the form of masturbation with Jane Doe No. 5 and Jane Doe No. 6.

A jury found Brazelton guilty of counts 1 and 5, and found the Penal Code section 1203.066, subdivision (a)(7) multiple victims enhancement allegation true as to both of those counts.  After the jury was unable to reach a verdict as to counts 2, 3, 4, and 6, the trial court declared a mistrial as to those counts.

The trial court imposed a total prison term of eight years by sentencing Brazelton to the middle term of six years on count 5, plus a consecutive two-year term (one-third of the middle term) on count 1.  The court's minute order stated that it imposed consecutive sentencing because "Count 1 occurred at a different place, time and victim."  The minute order further stated:  "The reason Court pronounced judgment in this manner is as follows:  Victim(s) particularly vulnerable and defendant took advantage of a position of trust and confidence."  Brazelton appealed.

## DISCUSSION

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also

4

reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility. [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) The testimony of a single witness, unless physically impossible or inherently improbable, is sufficient to support a conviction. (Evid. Code, § 411; *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Brazelton's substantial evidence challenge to his conviction on count 1 is limited to the argument there was insufficient evidence identifying him as S.'s assailant. Brazelton does not argue that the elements of that offense were unsupported by substantial evidence.

In his opening brief, Brazelton argues: "[W]hat is so striking about the evidence on count 1 is that the victim, S[.], was apparently never asked to identify [Brazelton], either on the night of the incident or at a later time, or even at trial. Similarly, although Janet Garcia gave an oral report and a written statement to the police within minutes of the WalMart incident stating [w]hat she witnessed from a few feet away, she was apparently never asked to identify [Brazelton] as the perpetrator. There was no other evidence presented at trial that [Brazelton] was identified as the perpetrator in or out of court. Finally, no other means of identification of the perpetrator was offered at trial by the prosecution such as modus operandi evidence. Consequently, there simply was no evidentiary basis for the jury in this case to conclude, reasonably or otherwise, that [Brazelton] was the perpetrator of the offense charged in count 1. In these circumstances, the conviction on count 1 must be reversed."

The record, however, contains sufficient evidence to show Brazelton was the man who touched S. at the Wal-Mart store on October 1, 2008. Garcia testified that she saw the man touch S. on the buttocks, and Hernandez chase and apprehend the man, chase the man again, and then detain him until the police officers arrived. Garcia testified she saw the same man sitting down and a police officer standing next to him. Greaver testified that when he arrived at the store, he was briefed by Sanchez, who was

5

the first police officer to arrive at the store, and that the man who had been detained was sitting in the back of Sanchez's police vehicle.

It is true that S. could not identify Brazelton at trial; she testified she did not remember what the man who touched her looked like. It is also true that Garcia testified she was never asked by the police to identify the man who touched S. and she was not asked at trial whether the man was Brazelton. Hernandez did not testify at trial. Greaver's testimony, however, considered together with Garcia's, was sufficient to identify Brazelton as the perpetrator.

At trial, Greaver testified as follows:

"Q  Do you know who the first officer was who arrived on the scene?

"A  Officer Otilio Sanchez.

"Q  Had Officer Sanchez briefed you about what he saw when he arrived?

"A  Yes.

"Q  Was the person they had detained in Mr. Sanchez's police vehicle?

"A  Yes.

"Q  The person that they had detained that night in the Santa Ana police car, is that person in the courtroom today?

"A  Yes, he is.

"Q  Can you please state what he's wearing and where he's located?

"A  At the end of the table to my left, wearing the blue shirt and glasses. A white male.

"[The prosecutor]:  The record could reflect the witness has identified the defendant?

"The Court:  The record will so reflect."

Greaver's testimony was unequivocal in his identification of the man, who had been detained that night, as Brazelton. Brazelton did not object to that testimony on the ground it was speculative or without foundation, and thus he forfeited any argument

6

that testimony was improperly admitted. (Evid. Code, § 353; *People v. Price* (1991) 1 Cal.4th 324, 445.) The record thus contains sufficient evidence showing that Brazelton was the man who touched S. As there is no basis for reversing Brazelton's conviction on count 1, there is no basis for reversing the multiple victims enhancement.

### DISPOSITION

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.